UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**SCOTT A. WINDOM,**

      **Plaintiff,**

v.                                           CASE NO.   1:19-cv-00024

**JASON S. HARSHBARGER,**

      **Defendant.**

### FIRST AMENDED COMPLAINT

Comes now the Plaintiff, **SCOTT A. WINDOM**, by and through counsel, Windom Law Offices, PLLC, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and for his First Amended Complaint herein, does now hereby state as follows:

### PARTIES

1)   Plaintiff, Scott A. Windom ("Windom"), is a resident of Ritchie County, West Virginia, with a mailing address of 5548 State Park Road, Cairo, West Virginia.

2)   Defendant, Jason Harshbarger ("Harshbarger"), is a resident of Ritchie County, West Virginia, with a mailing address of 2551 Oxford Road, Pullman, West Virginia, and the current Delegate for the 7th District which includes Ritchie and Pleasants counties.

### JURISDICTION & VENUE

3)   This action is brought pursuant to United States Constitution Amendments I and XIV the provisions of U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment confirming Plaintiff's rights under the First Amendment to the United States Constitution to participate in Facebook discussions on the Defendant's Facebook page for

"Delegate Jason Harshbarger" and that the Defendant's actions to block the Plaintiff have deprived the Plaintiff of his rights.  Plaintiff respectfully asks that the Court declare that the viewpoint-based exclusion of the Plaintiff violates the First and Fourteenth Amendments to the United States Constitution; and, Article III, § 7 and § 10 of the West Virginia Constitution, and order the Defendant to restore Plaintiff's access to comment on the Facebook page.

4)      This action also seeks injunctive relief to coercively protect Plaintiff's Constitutional rights from Defendant's improper interference and attempts to inhibit, impede and deny Plaintiff's rightful use of a public forum.

5)      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by pendent jurisdiction as to the state law claims made herein.

6)      Venue is proper in the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b).  Harshbarger is a government official who represents the 7th District which is in this jurisdiction and Windom and Harshbarger both reside in this jurisdiction.  Substantially all events or omissions giving rise to this claim occurred in this jurisdiction.

## FACTUAL ALLEGATIONS

7)      Harshbarger is an elected member of the West Virginia House of Delegates representing approximately 18,000 individuals from the 7th District which included Ritchie County and a majority of Pleasants County, West Virginia.  Harshbarger is the only delegate for those citizens.

8)      Harshbarger has a social media account on Facebook for "Delegate Jason S. Harshbarger" as follows:



9)      Facebook is a platform that allows its users to publish messages and articles, to republish or respond to others' messages, and to interact with other Facebook users in relation to those messages.  Speech posted on Facebook deals with a multitude of topics and interests, but particularly relevant here is that a significant amount of speech posted on Delegate Harshbarger's Facebook page is by, to or about the government, specifically the West Virginia House of Delegates.

10)     A Facebook account holder is an individual who has created an account on the platform. A user can post messages to their own account or reply to messages on pages that they "like" of "follow".  These posts can include photographs, videos and links to websites.  The Facebook page for "Delegate Jason S. Harshbarger" has more than 1,000 followers and 859 people have liked the page.

11) A Facebook user's webpage displays all posts generated by the user with the most recent posts appearing at the top of the page. This display is known as a user's "timeline." When a user generates a post, the timeline updates immediately to include that post. Anyone who can view a user's public Facebook page can the user's timeline. Below is a screenshot of part of the timeline associated with the Facebook page for "Delegate Jason S. Harshbarger" or @jason.s.harshbarger:



12) A Facebook user must have an account name associated with their Facebook webpage. When the Facebook user creates a post, there is a "button" that allows other Facebook users to post comments and reply to comments.

13) The Facebook page also has a "button" to allow Facebook users to message the person who has the page. Those messages are sent privately and are seen through a mobile application or in a separate window on the Facebook page.

14) Harshbarger's page and timeline are visible to everyone with internet access who has a Facebook account. However, Harshbarger can block certain constituents from commenting or messaging his page, even though they can view the page and the timeline.

15) When a constituent comments or replies, the comment or reply can include photographs, videos, GIFs or text. Other constituents can then reply to that comment or reply, thereby allowing the constituents to have a dialogue and create a comment thread.

16) When constituents reply and comment on a post, those who are commenting on the same post are notified by Facebook that a comment or reply has been made to the post, thus encouraging further dialogue and bringing constituents back to the Delegate's post for "views".

17) A user whose account is public but who wants to limit the comments from certain other users, can block comments from a particular user. Although Facebook makes the blocking feature available to all users, it is the user that decides whether to make use of the feature and against whom the feature will be used. A blocked user is thus prevented from commenting or replying to comments in the first user's Facebook account.

18) Harshbarger established his account in or about 2016 and has used the account to engage with his constituents, followers and the public about legislation, public policy, his campaign and endorsements, among other topics. He uses the account as an instrument of his office, and during the legislative session, he uses it almost exclusively as a channel for communicating with the public about the ongoing legislative session. Because of the way that he uses the Delegate Jason S. Harshbarger Facebook account, Harshbarger's posts have become an important source of news

and information about State government, and the comment threads associated with the posts have become important forums for speech by, to and about the West Virginia Legislature and, specifically, the West Virginia House of Delegates.

19)     Harshbarger presents the account to the public as one that he operates in his official capacity rather than his personal page.  On the page he is identified as "Delegate Jason S. Harshbarger."  The about link on the page appears as follows:



20)     Harshbarger's Facebook account is accessible to the public at large without regard to political affiliation or any other limiting criteria.  Harshbarger allows and encourages anyone to follow his account that chooses to do so.  The account has over 1,000 followers and other members of the Facebook community can comment on the posts on Harshbarger's page.  The only users who cannot comment, reply or message on Harshbarger's page are those users that Harshbarger chooses to block.

21)     Harshbarger possesses the exclusive power to operate the Facebook page as a Delegate because he is a member of the West Virginia House of Delegates.  He could not operate the page as a "Delegate" but for the fact that he has the authority to by a Delegate by virtue of state law and election to office as an official of the State of West Virginia.  His operation the "Delegate Jason S. Harshbarger" Facebook page is done in course of performing his actual or apparent duty of his office as the only Delegate of the 7th District.

22)     Windom was blocked by Harshbarger during the 2018 legislative session and his comments were deleted, apparently after offering an opposing view-point during a discussion to a post about the "co-tenancy" bill that Harshbarger supported.  Harshbarger's deletion and subsequent blocking of Windom's comments, replies or messages prevents or impedes Windom from replying to dialogue and discussion between Harshbarger and his constituents on issues that are important to his constituents, specifically, and the public, in general.  In fact, in the comments below, Harshbarger referenced overwhelming support for a bill he voted for after Harshbarger deleted and blocked Windom and other opponents of that bill from negatively commenting on the Facebook page.  Thus, Harshbarger created a view-point based restriction and limited the dialogue between Harshbarger and his constituents and suppressed the speech of those whom opposed the legislation.  Harshbarger was then able to tout the overwhelming support that he received for the bill.



23)     Harshbarger blocked Windom as a result of Windom's comments in opposition to Harshbarger's support of the legislation.

24)     The blocking of Windom violates Windom's First Amendment rights by distorting the expressive forum in which Harshbarger and other non-blocked users participate and engage in discussions with their delegate.

25)     The only local newspapers in the area, The Pennsboro News and The Ritchie Gazette are weekly publications that publish every Wednesday and news items, including articles and letters to the editor have to be submitted on Monday morning of each week.  Thus, important legislation can move out of committee and through the House of Delegates without any news of the same being published in either of the local newspapers until after the bill has been passed.  As such, Harshbarger's page is an important source of information and comment about important legislation that affects his 18,000 constituents.

26)     In fact, Harshbarger uses his "Delegate Jason Harshbarger" account page to perform his duties as a Delegate.  As noted in the page's comments above, that is a primary resource for his decision making on important legislation.

27)     Harshbarger thus uses the page an instrument of official state business, on occasion using the term "we" [meaning the House of Delegates] when discussing such issues.

## COUNT I:   Violation of the First Amendment of the United States Constitution and Article III, § 7 of the Constitution of West Virginia

28)     The Plaintiff incorporates by reference all previous paragraphs to this Complaint as if fully restated herein.

29)     Harshbarger encouraged, solicited and allowed public comments and discussions between him, in his official capacity, and his constituents on the official page for Delegate Harshbarger.

30)     The social media forum as established and operated by Harshbarger as an elected official was, at times pertinent hereto, and is a limited public forum.  Citizens' views, comments and

opinions expressed thereon are expressions of political speech protected by the First Amendment of the United States Constitution and Article III, § 7 of the West Virginia Constitution.

31) The deletion of Plaintiff's comments and blocking of other comments on the social media forum is viewpoint discrimination and done in retaliation for Plaintiff's lawful expression of his political views and criticisms of the Defendant's actions while acting in official capacity as a member of the West Virginia House of Delegates.

32) Defendant's blocking of the Plaintiff from commenting, replying or messaging the Facebook page of a government official, Delegate Jason S. Harshbarger, violates the First Amendment of the United States Constitution and Article III, § 7 of the West Virginia Constitution because it imposes a viewpoint-based restriction on the Plaintiff's participation on a public forum of an elected official.

33) Defendant's blocking of the Plaintiff from commenting, replying or messaging the Facebook page of Delegate Jason S. Harshbarger violates the First Amendment of the United States Constitution and Article III, § 7 of the West Virginia Constitution because it imposes a viewpoint-based restriction on the Plaintiff's ability to petition the government through his only delegate for the redress of grievances.

34) Defendant's blocking of the Plaintiff from commenting, replying or messaging the official Delegate Jason S. Harshbarger's Facebook page violates the First Amendment of the United States Constitution and Article III, § 7 of the West Virginia Constitution because it imposes a viewpoint-based restriction on the Plaintiff's right to free speech and deprives Windom of those fundamental rights.

35) Defendant personally made the decision to undertake the punitive acts against the Plaintiff and refused to remediate the constitutional violation.

36) The Defendant, acting as a government official and under color of state law, has violated Plaintiff's right of free speech protected by the First Amendment of the United States Constitution and Article III, § 7 of the West Virginia Constitution.

37) The United States Supreme Court has held that "the loss of First Amendment freedom, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

38) The violation of Plaintiff's free speech is continuing and will continue without intervention of this Court. Thus, Plaintiff has suffered and will continue to suffer irreparable harm.

## COUNT II: Violation of the Fourteenth Amendment of the United States Constitution and Article III, § 10 of the Constitution of West Virginia

39) The Plaintiff incorporates by reference all previous paragraphs to this Complaint as if fully restated herein.

40) Harshbarger deleted Windom's constitutionally protected speech on his official Facebook page without prior notice and without providing an opportunity for appealing the decision.

41) Harshbarger blocked Windom's constitutionally protected speech on his official Facebook page without prior notice and without providing an opportunity for appealing the decision.

42) Harshbarger did not provide any notice to Windom that his protected speech had been deleted or blocked.

43) The United States Supreme Court has held that, at a minimum, due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Supreme Court has also held that the "root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing before he is deprived of any significant [liberty or] property interest." *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985).

44) Defendant's actions are a clear violation of Windom's procedural due process rights under the Fourteenth Amendment of the United States Constitution and Article III, § 10 of the Constitution of West Virginia.

## COUNT III: Declaratory Relief (U.S.C. § 2201)

45) The Plaintiff incorporates by reference all previous paragraphs to this Complaint as if fully restated herein.

46) There exists a justiciable controversy between the parties regarding the Defendant's violation of the Plaintiff's rights.

47) Plaintiff respectfully requests, pursuant to U.S.C. § 2201, the Court invoke its jurisdiction and declare that Defendant has no legal right to block the Plaintiff, or others similarly situated, from commenting on the Facebook page of Delegate Harshbarger; that Defendant's viewpoint-based blocking of the Plaintiff from the Facebook page of Delegate Jason S. Harshbarger to be unconstitutional; and, for an award of attorney fees to Plaintiff in such amounts at the Court determines are just and reasonable.

## COUNT IV:   Preliminary and Permanent Injunctive Relief

48) The Plaintiff incorporates by reference all previous paragraphs to this Complaint as if fully restated herein.

49) The Defendant has intentionally, recklessly, willfully, improperly and repeatedly violated the Plaintiff's rights to free speech.

50) The Plaintiff is entitled to a preliminary injunction to enjoin the Defendant from blocking Plaintiff's access to comment on the Delegate Jason S. Harshbarger Facebook page during the pendency of this litigation and a permanent injunction to enjoin the Defendant from the same in the future[1].

---

[1] The Plaintiff has withdrawn [Dkt. #8] his previously-filed motion for a preliminary injunction [Dkt. #2] insofar as the same is moot because Harshbarger has taken down his official "Delegate Jason Harshbarger" Facebook page.  See Order entered February 28, 2019 [Dkt. #9].  However, Plaintiff reserves the right to file a motion for a preliminary injunction if the Defendant re-starts his official "Delegate Jason Harshbarger" Facebook page and blocks the Plaintiff during the pendency of this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Windom respectfully prays that the Court:

1) Declare Defendant's viewpoint-based blocking of the Plaintiff from the Facebook page of Delegate Jason S. Harshbarger to be unconstitutional;

2) Issue a temporary and permanent injunction against Harshbarger to unblock the Plaintiff from the Facebook page of Delegate Jason S. Harshbarger, and prohibiting Harshbarger from blocking Windom or others from the account on the basis of viewpoint;

3) Award Windom his costs, including reasonable attorney's fees; and,

4) For such other and further relief, both general and special, which as to this Court may seem just and proper.

                                      **SCOTT A. WINDOM**
                                          Plaintiff,
                                      By Counsel,

*/s/ Scott A. Windom*
**RODNEY C. WINDOM, ESQUIRE**
(W. Va. State Bar No. 4091)
**SCOTT A. WINDOM, ESQUIRE**
(W. Va. State Bar No. 7812)
**WINDOM LAW OFFICES, PLLC**
101 E. Main Street
Harrisville, West Virginia  26362
Tele. No. (304) 643-4440
Fax No. (304) 643-2974
rwindom@windomlawoffices.com
swindom@windomlawoffices.com
**COUNSEL FOR THE PLAINTIFF**

13

## **CERTIFICATE OF SERVICE**

I, Scott A. Windom, counsel for Plaintiff, do hereby certify that I have served a true and accurate copy of the foregoing *"First Amended Complaint"* on the following this 14th day of March, 2019, by using the CM/ECF which will send notification of such filing to the following CM/ECF participants:

**J. Mark Adkins** (WVSB # 7414)
**Richard R. Heath, Jr.** (WVSB # 9067)
**BOWLES RICE LLP**
600 Quarrier Street
PO Box 1386
Charleston, West Virginia 25325-1386

*/s/ Scott Windom*
**SCOTT A. WINDOM, ESQ.**
W. Va. State Bar No. 7812
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, West Virginia 26362
Telephone: (304) 643-4440
FAX: (304) 643-2947
**COUNSEL FOR PLAINTIFF**