IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

SCOTT A. WINDOM,

    Plaintiff,

v.                                                 CIVIL ACTION NO. 1:19-cv-00024
                                                Honorable Thomas S. Kleeh

JASON S. HARSHBARGER,

    Defendant.

# ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON BEHALF OF JASON S. HARSHBARGER

Defendant Jason S. Harshbarger, by counsel, answers Plaintiff's First Amended Complaint as follows:

### First Defense

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Proedure, Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted.

### Second Defense

Defendant responds to the separately identified paragraphs of the Complaint as stated below.

1.     Defendant is without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 1.

2.     Defendant admits the information contained in Paragraph 2.

3.     Paragraph 3 does not state any allegations against Defendant, but instead asserts legal conclusions, to which no response is requried.  To the extent Paragraph 3 purports to

allege actions of Defendant or Plaintiff's request for relief, Defendant denies these allegations and denies that Plaintiff is entitled to any relief.

4.  Paragraph 4 does not state any allegations against Defendant, but instead asserts legal conclusions, to which no response is requried.  To the extent Paragraph 4 purports to allege actions of Defendant or Plaintiff's request for relief, Defendant denies these allegations and denies that Plaintiff is entitled to any relief.

5.  Paragraph 5 does not state any allegations against Defendant, but instead asserts legal conclusions, to which no response is requried.

6.  Paragraph 6 does not state any allegations against Defendant, but instead asserts legal conclusions, to which no response is requried.  To the extent Paragraph 6 purports to allege actions of Defendant or Plaintiff's request for relief, Defendant denies these allegations and denies that Plaintiff is entitled to any relief.

7.  Defendant admits the information contained in Paragraph 7.

8.  Defendant admits that he maintained and operated a page on Facebook under his name and title, "Delegate Jason Harshbarger," and admits that the image contained in Paragraph 8 is an accurate depiction of this page, but Defendant denies that this page is a "social media account on Facebook."  Defendant further denies that this page is currently active.

9.  Defendant admits the general allegations in Paragraph 9 regarding services provided by Facebook, but denies the allegation that the content posted to Defendant's Facebook page is "by, to or about the government."

10.  Defendant admits the general allegations in Paragraph 10 regarding services provided by Facebook, and admits that, at the time of the image of his Facebook page was captured

for Plaintiff's Complaint, Defendant's page had more than 1000 followers and is liked by 859 people. Defendant denies that this page is currently active.

11. Defendant denies the allegations in Paragraph 11 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages. Defendant admits that the image contained in Paragraph 11 is an accurate depiction of his Facebook page, but denies that this page is currently active.

12. Defendant denies the allegations in Paragraph 12 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages. Defendant is without sufficient information or knowledge upon which to form a belief as to the accuracy of Plaintiff's phrasing of Facebook's operations.

13. Defendant denies the allegations in Paragraph 13 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages. Defendant is without sufficient information or knowledge upon which to form a belief as to the accuracy of Plaintiff's phrasing of Facebook's operations.

14. Defendant denies the allegations in Paragraph 14 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages. Defendant is without sufficient information or knowledge upon which to form a belief as to the accuracy of Plaintiff's phrasing of Facebook's operations. Defendant also denies that only "constituents" may interact with his Facebook page.

15. Defendant admits the general allegations in Paragraph 15 regarding services provided by Facebook, but denies that only "constituents" may interact with his Facebook page.

16. Defendant denies the allegations in Paragraph 16 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages, or that only "constituents" may interact

with his Facebook page. Defendant further denies the allegation in Paragraph 16 that Facebook "encourage[s]" dialogue and views.

17. Defendant denies the allegations in Paragraph 17 insofar as Plaintiff attempts to explain the mechanics of all Facebook pages. Defendant is without sufficient information or knowledge upon which to form a belief as to the accuracy of Plaintiff's phrasing of Facebook's operations. Defendant admits that he has the ability to block individuals from commenting on his Facebook page.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies that his Facebook page is presented or operated in his official capacity as a delegate. Defendant admits that the image contained in Paragraph 19 is an accurate depiction of his Facebook page, but denies that this page is currently active. Defendant denies the other allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits that he blocked Plaintiff from commenting on his Facebook page in 2018. Defendant admits that the image contained in Paragraph 22 is an accurate depiction of his Facebook page, but denies that this page is currently active. Defendant denies the other allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## Count I

28. Paragraph 28 contains a statement of incorporation, to which no response is required.

29. Defendant denies the allegations in Paragraph 29.

30. Paragraph 30 asserts legal conclusions, to which no response is requried. However, to the extent Paragraph 30 is intended or can be interpreted to assert any allegations against Defendant, such allegations are denied.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies that the quotation in Paragraph 37 is an accurate quote from *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

38. Defendant denies the allegations in Paragraph 38.

## Count II

39. Paragraph 39 contains a statement of incorporation, to which no response is required.

40. Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 repeats the allegations from Paragraph 40, which Defendant denies.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies that the quotations in Paragraph 43 are accurate quotes and citations from the cited cases.

44. Defendant denies the allegations in Paragraph 44.

### Count III

45. Paragraph 45 contains a statement of incorporation, to which no response is required.

46. Paragraph 46 asserts legal conclusions, to which no response is requried. However, to the extent Paragraph 46 is intended or can be interpreted to assert any allegations against Defendant, such allegations are denied.

47. Paragraph 47 requests relief, to which no response is required. However, Defendant denies that Plaintiff is entitled to any relief, and to the extent Paragraph 47 is intended or can be interpreted to assert any allegations against Defendant, such allegations are denied.

### Count IV

48. Paragraph 48 contains a statement of incorporation, to which no response is required.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

### Third Defense

Defendant denies that, at any time relevant to his Complaint, he caused Plaintiff to suffer any violation of his state or federal constitutional rights.

**Fourth Defense**

Defendant reserves the right to plead and assert defenses listed under Rule 8(c) of the Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense, if such is warranted because of discovery or otherwise.

WHEREFORE, Defendant, having fully answered Plaintiff's First Amended Complaint, moves this Court to dismiss the Amended Complaint and award him costs expended.

JASON S. HARSHBARGER,

By Counsel,

*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB # 7414)
Richard R. Heath, Jr. (WVSB # 9067)
BOWLES RICE LLP
600 Quarrier Street (25301)
Charleston, West Virginia 25325-1386
Telephone: (304) 347-1100
Facsimile: (304) 347-1756
Email: madkins@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

SCOTT A. WINDOM,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:19-cv-00024

JASON S. HARSHBARGER,

    Defendant.

## **CERTIFICATE OF SERVICE**

    I, J. Mark Adkins, do hereby certify that on this **20th day of June, 2019**, the foregoing *Answer to Plaintiff's First Amended Complaint on Behalf of Jason S. Harshbarger* was served via the Court's ECF system to all counsel of record:

Rodney C. Windom (WVSB #7812)
Scott A. Windom (WVSB #4091)
Windom Law Offices, PLLC
101 East Main Street
Harrisville, West Virginia 26362
Telephone: (304) 643-4440
Facsimile: (304) 643-2947
*Counsel for Plaintiff*

                                        */s/ J. Mark Adkins*
                                        J. Mark Adkins (WVSB # 7414)